**Alani AKESODE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 09 Civ. 7217, 06 Cr. 1062.**

United States District Court, S.D. New York.

Dec. 30, 2009.

**704**

Alani Akesode, Lewisburg, PA, pro se.

### *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

Petitioner Alani Akesode ("Akesode") brought this action pursuant to 28 U.S.C. § 2255 (" § 2255") seeking to vacate, set aside or correct his sentence. Akesode pled guilty pursuant to a plea agreement to one count of credit fraud and one count of aggravated identity theft. The stipulated sentencing range under the Guidelines was 54 to 61 months' imprisonment, including a mandatory consecutive sentence of 24 months on the aggravated identity theft charge. Applying the considerations under 18 U.S.C. § 3553(a), the Court imposed a non-Guidelines sentence of 48 months of incarceration, which in-cluded the mandatory consecutive term of 24 months on the identity theft count.

Akesode contends that he was denied effective assistance of counsel on the grounds that his attorney: (1) failed to inform the Court prior to sentencing of the pending decision by the United States Supreme Court in *Flores–Figueroa v. United States,* —— U.S. ——, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009), which Akesode argues invalidates his conviction for aggravated identity theft; and (2) negotiated a plea agreement that contained certain sentencing enhancements and waiver provisions that Akesode asserts he could not have accepted knowingly voluntarily. Akesode did not challenge his conviction or sentence on direct appeal.

 The Court rejects each of Akesode's arguments in this action. The record of Akesode's plea allocution establishes conclusively that Akesode was fully aware of the sentencing enhancements and waivers contained in the plea agreement, that he was informed of the consequences of his pleading guilty, and that his plea was knowing, voluntary and based on advice of counsel. Moreover, Akesode acknowledged to the Court that he was satisfied with counsel and his representation of Akesode. In the plea agreement Akesode waived his right to challenge on appeal a sentence within or below the stipulated sentencing range of 54 to 61 months. Insofar as Akesode did not take a direct appeal of his conviction or sentence, his claims in the instant petition are procedurally barred. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Akesode has shown no grounds constituting sufficient cause or prejudice for failing to pursue a direct appeal, and the knowing and voluntary waiver of his right, as the Court has found, is not a valid basis for such a show-

ing. *See United States v. Pipitone,* 67 F.3d 34, 39 (2d Cir.1995).

The Court has otherwise reviewed Akesode's ineffective assistance of counsel claim and finds it meritless. Akesode fails to establish any basis for relief on such ground under the standard enunciated by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court finds that a fair assessment of counsel's performance in this case shows no evidence that the legal representation Akesode was provided in connection with his plea allocution or at sentencing was deficient, or that any professional errors counsel may have made were so serious as to deprive Akesode of a fair proceeding, or that, but for any such errors the result of Akesode's sentencing would have been different. *See id.* at 689, 698, 104 S.Ct. 2052.

■ The Court has reviewed Akesode's argument regarding *Flores–Figueroa* and finds it similarly without merit. In that case the Supreme Court held that a conviction for aggravated identity theft requires evidence that the defendant knew that the form of identification he improperly used belonged to an actual person. *See* 129 S.Ct. at 1894. Akesode's plea allocution, by his own admission under oath, establishes beyond reasonable doubt that he knowingly used credit cards and a driver's license in the name of Winston Blair in furtherance of the thefts to which Akesode pled guilty. The record also fairly establishes that contrary to Akesode's allegations, counsel diligently represented Akesode, avoiding trial against strong evidence of Akesode's guilt, negotiating a plea to only two of the indictment's eleven counts, and successfully arguing for a sentence below the stipulated Guidelines range. The charge that Akesode now levels characterizing counsel's performance as deficient would raise the very concern that the *Strickland* Court cautioned against: allowing the "distorting effects of hindsight" to guide an assessment of counsel's representation in this case. 466 U.S. at 689, 104 S.Ct. 2052.

Because Akesode has not sufficiently demonstrated that he has any plausible claim, and because the files and records of the case conclusively show that he is entitled to no relief, the Court finds that no evidentiary hearing on the petition is required. *See* 28 U.S.C. § 2255; *United States v. Tarricone,* 996 F.2d 1414, 1417–18 (2d Cir.1993).

### *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of Alani Akesode ("Akesode") for an order to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

Because Akesode has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**